UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

APR 0 9 2008

SOUTHERN DIVISION

CLERK

| | | |
|---|---|---|
| GARLAND W. LOWMAN, | ) | CIV. 08-4019-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary, | ) | |
| SGT. KLIEN, SGT. WILLIAMS, | ) | |
| SGT. RENOUDIN, CO. BRANDT, | ) | |
| and CO. SHEDD, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate at the South Dakota State Penitentiary. According to plaintiff's complaint, on November 9, 2007, plaintiff was escorted to "the hole," at which time prison guards attempted to remove plaintiff's clothing by cutting it off. Plaintiff reacted by pulling away from the guards into a holding cell, whereupon the guards took plaintiff down. Plaintiff alleges that, in the fall, he sustained injuries to his head and, although he claims that his hands were cuffed behind his back at the time, to his wrists as well. He brings this action under 42 U.S.C. § 1983 to recover for the injuries he allegedly sustained in the incident. Plaintiff also moves to proceed *in forma pauperis*.

## DISCUSSION

### A.    Screening

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii).  If the Court finds that the complaint falls under any of § 1915(e)(2)(B)'s provisions, the Court "shall dismiss the case at any time . . . ."  Id.  In addition to a review under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Id. (1996).  For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff's claim is based upon an allegation of excessive force.  "Excessive-force claims brought by prisoners fall under the protections provided by the Eighth

2

Amendment's prohibition of cruel and unusual punishment." Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001). The test to be applied is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. (citations omitted). "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously or sadistically." Irving v. Dormire, 2008 WL 613121 at *3.

Accepting the facts stated in plaintiff's complaint as true, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted. Under the rule from Irving, plaintiff's excessive-force claim is viable only if he can demonstrate that the actions taken by the officers were "completely unjustified." Id. However, plaintiff himself admits that, as the guards were trying to remove his clothing, he "pulled away" into a holding cell. This was an act of defiance, and the guards' response appears to be a "good-faith effort to maintain or restore discipline," rather than an act taken "for the very purpose of causing harm" as is required to make an excessive-force claim. Andrews, 253 F.3d at 1061. Accordingly, plaintiff's complaint does not survive the Court's screening process and shall be dismissed.

## B.   *In Forma Pauperis* Determination

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

3

criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .

A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

In accordance with § 1915(a)(1) and (2), plaintiff has submitted an affidavit to the Court showing that he is not presently employed and that he owns no valuable property. Plaintiff has also provided a certified prisoner trust account report verifying his account balance for the preceding six months. At the time the prisoner trust account report was filed, plaintiff's current balance was $65.59, with an average monthly balance of $26.01. His average monthly deposits amount to $47.67. As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2) to proceed *in forma pauperis*.

C.     **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff Garland W. Lowman's complaint (Docket #1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Garland W. Lowman's motion to proceed *in forma pauperis* (Docket #2) is granted. Plaintiff is nonetheless obligated to pay the entire $350.00 filing fee.

4

IT IS FURTHER ORDERED that plaintiff Garland W. Lowman shall pay, as a partial payment of his court fees, an initial partial filing fee of $9.53, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff Garland W. Lowman shall be required to pay the applicable $350.00 filing fee in its entirety. The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this _9th_ day of April, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

5